# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

JON FREEMAN WINANT

            Plaintiff,

v.                                              Case No. 09-CV-583

JOHN BRETT and
CHRISTOPHER T. TYRE,

            Defendants.[1]

_____

## ORDER

On June 11, 2009, plaintiff Jon Winant ("Winant") filed a complaint against defendants. Plaintiff then filed a Motion for Leave to Proceed *in forma pauperis*. (Docket #2).

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). To authorize a litigant to proceed *in forma pauperis*, the court must first determine that the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the court must determine that the action is neither frivolous nor malicious, does not fail to state a claim, and does not seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2).

---

[1] Though each of the parties reside in the Western District of Wisconsin, the court did not transfer this action because the "events" that give rise to this complaint allegedly took place in Racine County, in the Eastern District of Wisconsin.

Based upon plaintiff's IFP form – an affidavit in which he declares his assets and income under penalty of perjury – the court determines the plaintiff is unable to pay the costs of commencing this action. In plaintiff's IFP form, he states that he has not been employed since June of 1999, he has no money nor property, and that he resides at a supervised living facility. Accordingly, it appears that he is unable to to pay the costs of commencing this action.

However, the court finds that the action is frivolous and fails to state a claim. Plaintiff has been deemed a sexually violent person ("SVP") pursuant to Wis. Stat. § 980.05. The gravamen of his complaint is that defendants fail to classify illegal immigrant prisoners as SVPs, though they meet the statutory criteria for such. Plaintiff cites no statute or case law that creates a right to relief for such a claim, nor is the court aware of any. Not only do plaintiff's allegations fail to constitute a legally cognizeable claim, they also are not of a nature for which plaintiff would have standing to sue. Plaintiff has not alleged that he has suffered any injury whatsoever from this alleged practice. Similarly, the redress plaintiff seeks, the court striking down Wis. Stat. § 980 as unconstitutional, is in no way related to the claim he seeks to bring. For each and all of these reasons, the court must deny plaintiffs *in forma pauperis* motion, and dismiss his complaint.

Accordingly,

**IT IS ORDERED** that the plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket #2) be and the same is hereby **DENIED**; and

**IT IS ORDERED** that plaintiff's Pro Se Complaint (Docket #1) be and the same is hereby **DISMISSED with prejudice**.

The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 18th day of June, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge